# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| **DIANE HADDOCK,** § | | |
| *Appellant,* § | | |
| § | | |
| **v.** § | | **CASE NO. 19-11327** |
| § | | |
| **TARRANT COUNTY,** § | | |
| **TEXAS, ET AL.,** § | | |
| *Appellees.* § | | |

## UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO FILE APPELLANT'S BRIEF

In accordance with Federal Rule of Appellate Procedure 27, Appellant Diane Haddock files this unopposed Motion for Extension of Time to file her Appellant's Brief to and including April 17, 2020. No previous extension has been requested, and Appellant does not foresee any need for further extension(s). In support of this Motion, Appellant would respectfully show the Court:

1.    This appeal brings a case of first impression. Diligence research reveals no case in which this Circuit has ruled on the extent to which appointed Texas Associate Judges (or other state or federal court employees) have a right to freedom of speech, freedom of political thought, freedom of association, and freedom to petition the government, or – conversely – the extent to which any such rights must

give way to a government employer's claim that (under either a *Pickering*[1] balancing test or *Elrod/Branti*[2] exception), infringing on such rights is the least restrictive means of achieving a vital government interest. The analysis is necessarily both fact- and law-intensive, and it is imperative that the parties provide the Court with thorough and comprehensive briefing.

2.  In filing this Motion for Unopposed Extension, the undersigned counsel is mindful that briefing extensions are generally disfavored in this Circuit except in exceptional circumstances where good cause exists. Appellant and her counsel believe the circumstances below are exceptional and constitute good cause. Further, given the importance of correctly applying First Amendment doctrine to this novel fact pattern, and given the lack of opposition by Appellees, Appellant and her counsel pray this Court agrees.

3.  For the first week of the initial briefing period, the undersigned counsel was unable to access the appellate record. This problem was resolved on January 14, 2020 (*See* Exhibit 1). On January 13, 2020, and again on January 20, 2020, the undersigned counsel was subject to being called to jury trial on 24-hours' notice in the same complex construction case involving ten (10) plaintiffs and five (5) defendants. The case was later continued to March 23, 2020. These events and other

---

[1] *Pickering v. Board of Education*, 391 U.S. 563 (1968).
[2] *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980).

deadlines have significantly hampered Appellant's counsel's ability to prepare her brief within the initial briefing period.

4. In calculating the appropriate length of extension necessary, the undersigned counsel has determined that over the next sixty (60) days he is scheduled for:

- three (3) jury trials (the complex, multi-party commercial case in Dallas referenced above), and two other trials in Austin involving fraud in a business sale and embezzlement – both of which also require travel time);
- one (1) bench trial (a legal malpractice case);
- one (1) oral argument in the Austin Court of Appeals (three [3] consolidated appeals);
- four (4) mediations;
- multiple discovery and filing deadlines, miscellaneous hearings and depositions; and
- prepaid registration to the March 19-20, 2020 annual State Bar of Texas Advanced Medical Torts Seminar in San Antonio (which will also require travel time on March 18, 2020).

5. Given these circumstances, Appellant and her counsel believe this unopposed, one-time extension is necessary for Appellant's counsel both to adequately represent Appellant's interests and assist this Court in applying complex legal principles to novel facts.

6. Appellant therefore respectfully requests one unopposed sixty (60) day extension of time to and including April 17, 2020, in which to file her Appellant's Brief. This is Appellant's first and likely only request for an extension of time. Appellant's requested extension is unopposed.

7.  Counsel for Appellant conferred today by telephone with counsel for Appellee Tarrant County, who indicated Appellee Tarrant County does not oppose a sixty (60) day extension.

8.  Counsel for Appellant conferred today via voicemail and E-mail with counsel for Appellees, Baca-Bennett, Newell, Nevarez, Wells, Herrington, Mumford, and Kim, who indicated that those Appellees do not oppose a sixty (60) day extension. (*See* Exhibit 2).

9.  This extension is sought solely in the interests of justice, so that counsel for Appellant may adequately assist the Court in applying the proper legal standard in this fact-intensive case of first impression. This extension is not sought for the purpose of delay, and no party will be prejudiced if this unopposed first request for an extension is granted. Appellant and her counsel do not anticipate that any further extension will be necessary or requested.

10. For the foregoing reasons, Appellant respectfully requests that the Court grant this unopposed motion for an extension of time to file her Appellant's Brief, making her Appellant's Brief due on April 17, 2020.

Respectfully submitted,

Walter L. Taylor
State Bar No. 19727030
*Wtaylor@thehartlawfirm.com*
**HART LAW FIRM, PLLC**
6630 Colleyville Blvd, Suite 100
Colleyville, Texas 76034
Tel: (817) 329-7020
Fax: (682) 292-7406

**ATTORNEY FOR APPELLANT**

**CERTIFICATE OF CONFERENCE**

    I certify that on January 30, 2020, I conferred with Keith Ogle, counsel for Appellee Tarrant County, via telephone, and Benjamin Walton, counsel for Appellees, Baca-Bennett, Newell, Nevarez, Wells, Herrington, Mumford, and Kim, via voicemail and E-mail. Both counsel have indicated they do not oppose the requested extension.

/s/*Walter L. Taylor*

# CERTIFICATE OF SERVICE

     I hereby certify by my signature above that a true and correct copy of the foregoing document has this day been served via certified mail, return receipt requested, electronic service, facsimile or hand delivery, upon the following on this 30th day of January, 2020.

M. Keith Ogle
David K. Hudson
TARRANT COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE
*mkogle@tarrantcountytx.gov*
*dkhudson@tarrantcountytx.gov*

Benjamin S. Walton
ASSISTANT ATTORNEY GENERAL
*Benjamin.Walton@oag.texas.gov*
Natalie D. Thompson
ASSISTANT SOLICITOR GENERAL
*natalie.thompson@oag.texas.gov*

Case: 19-11327   Document: 18   Page: 7   Date Filed: 01/30/2020

<span style="color:red">**EXHIBIT 1**</span>

**Walt Taylor**
_____

| | |
|---|---|
| From: | ecf_txnd@txnd.uscourts.gov |
| Sent: | Tuesday, January 14, 2020 9:39 AM |
| To: | Courtmail@txnd.uscourts.gov |
| Subject: | Activity in Case 4:18-cv-00817-O Haddock v. Tarrant County, Texas et al Notice (Other) |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

**U.S. District Court**

**Northern District of Texas**

**Notice of Electronic Filing**

The following transaction was entered on 1/14/2020 at 9:38 AM CST and filed on 1/14/2020
**Case Name:** Haddock v. Tarrant County, Texas et al
**Case Number:** 4:18-cv-00817-O
**Filer:**
**WARNING: CASE CLOSED on 11/11/2019**
**Document Number:** No document attached

**Docket Text:**
**APPEARANCE FORM FILED at USCA5 by Attorney Walter L. Taylor for Appellant Diane Scott Haddock in 19-11327. Access to the EROA has been granted. (tle)**


4:18-cv-00817-O Notice has been electronically mailed to:

David K Hudson    dkhudson@tarrantcountytx.gov, psmaxwell@tarrantcountytx.gov, smgreer@tarrantcountytx.gov

Melvin Keith Ogle    mkogle@tarrantcountytx.gov, psmaxwell@tarrantcountytx.gov

Walter L Taylor    Walt@thehartlawfirm.com, Vickie@thehartlawfirm.com

Benjamin Sheffield Walton    benjamin.walton@oag.texas.gov, jennifer.holt@oag.texas.gov

1

Case: 19-11327 Document: 18 Page: 8 Date Filed: 01/30/2020

4:18-cv-00817-O The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will only serve notice of court Orders and Judgments by mail as required by the federal rules.

# EXHIBIT 2

| | |
|---|---|
| From: | Walton, Benjamin <Benjamin.Walton@oag.texas.gov> |
| Sent: | Thursday, January 30, 2020 2:13 PM |
| To: | Walt Taylor |
| Cc: | Vickie Crabb; Thompson, Natalie; Holt, Jennifer |
| Subject: | Haddock - Response to Request for Extension |

Walt,

I got your voicemail from earlier today. Sorry I missed your call. Thanks for reaching out.

We are not opposed to your request for a 60-day extension on your brief.

Also, Natalie Thompson will be lead counsel for us on appeal. I'm copying her on this email.

Thanks,
Ben

**Benjamin S. Walton**
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
512.463.0447 (Direct)
512.320.0667 (Fax)
Benjamin.Walton@oag.texas.gov