# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| **DIANE HADDOCK,** § | | |
| *Appellant,* § | | |
| § | | |
| v. § | | CASE NO. 19-11327 |
| § | | |
| **TARRANT COUNTY,** § | | |
| **TEXAS, ET AL.,** § | | |
| *Appellees.* § | | |

## APPELLANT'S SECOND UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF

In accordance with Federal Rule of Appellate Procedure 27, Appellant Diane Haddock files this Second Unopposed Motion for Extension of Time to file her Appellant's Brief, to and including April 20, 2020. One previous extension for thirty (30) days has been requested and granted. In support of this Motion, Appellant would respectfully show the Court:

1.  This appeal brings a case of first impression to this Circuit. Diligent research reveals no case in which this Circuit has ruled directly on the extent to which appointed Texas Associate Judges (or other state or federal court employees) have a right to freedom of speech, freedom of political thought, freedom of association, and freedom to petition the government, or – conversely – the extent to which any such rights must give way to a government employer's claim (under either

a *Pickering*[1] balancing test or *Elrod/Branti*[2] exception) that infringing on such rights is the least restrictive means of achieving a vital government interest. The analysis is necessarily both fact- and law-intensive, and it is imperative that the parties provide the Court with thorough and comprehensive briefing.

2.   The undersigned counsel made a significant beginning on Appellant's Brief between the Order granting the previous extension and March 3, 2020. The undersigned was then out of the office for previously scheduled business and related travel March 4-5, 2020, and March 8-10, 2020, then in deposition preparation and depositions March 11-12, 2020, on an unrelated matter. Counsel's plan at that time was to complete Appellant's Brief March 13-18, 2020, and to polish and file it timely on March 19, 2020.

3.   In the twenty-four (24) hours preceding March 13, however, as the Novel Coronavirus (COVID-19) outbreak continued to emerge, previous admonitions against gathering in groups of 500 or more were rapidly reduced to 250, 125, then 50 – all within about 24-48 hours. On March 13, 2020, the President of the United States declared a National Emergency, as have numerous states and counties (including the State of Texas, Tarrant, Travis and Dallas Counties – the areas in which the undersigned primarily practices). Most trial courts in urban Texas areas

---

[1] *Pickering v. Board of Education*, 391 U.S. 563 (1968).
[2] *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980).

have cancelled all jury trials and non-emergent hearings through either April 13 or April 20, 2020, and all citizens have now been requested to avoid meeting in groups larger than 10 for the next 15 days, and to work from home if possible.

4. At first blush, one might assume these cancellations would have made it easier to work on an appellate brief. However, the result has proved to be quite the opposite. Since and including Friday, March 13, 2020, as one of the two senior trial lawyers in his law firm, the undersigned counsel has been forced to invest a substantial amount of time assessing and managing how these events are likely to affect the firm's practice over the next thirty (30) to sixty (60) days, and potentially longer. This has included evaluating the firm's capacity for attorneys and staff to work remotely, discussing what steps can be implemented that might allow it, reviewing and assessing the effect of each cancellation, determining which case-related events can be rescheduled and how they will occur (in person, by video or audio conference, Skype, Zoom, etc.), communicating with clients, witnesses, experts, opposing counsel or *pro se* parties, and court coordinators – to say nothing of the undersigned's personal need to communicate and plan with his own family members (including his 90+ year old father, spouse, and three adult sons) to ensure their health and safety.

5. An additional complicating factor specific to Appellant's Brief in this case is that the four Supreme Court opinions likely to be most controlling in this

appeal – ***Pickering***, ***Elrod***, ***Branti (supra)*** and ***Monell***[3] – have themselves been cited in a combined total of approximately 78,900 subsequent cases. The best way to bring counsel's research on these cases current – and properly advise this Court of their development in federal jurisprudence – is to review secondary sources such as treatises and CLE materials that specifically target major developments in First Amendment law and 42 U.S.C. §1983, then review and KeyCite those cases. This requires physically visiting a law school's library and conducting legal research in person, rather than attempting to review tens of thousands of case citations on Westlaw by computer. The undersigned counsel had reserved this library task for the week of March 16, 2020, after two local law schools returned from Spring Break. Unfortunately, the undersigned discovered that, as a result of the current COVID-19 National Emergency, the two law school law libraries nearest him – the Dee J. Kelly Law Library at Texas A & M School of Law in Fort Worth and the Underwood Law Library at Southern Methodist University in Dallas – are both now open only to law students and faculty, and closed to members of the bar and the public.

6.   Not as a result of any one of these events, but more as the cumulative effect of all of them, the undersigned has had very little time available since March 13, 2020, to devote to Appellant's Brief, and what time he has been able to devote has been subject to limited resources (such as the law libraries) or frequent

---

[3] ***Monell v. Dep't of Soc. Servs. of City of N.Y.***, **436 U.S. 658, 690 (1978).**

interruptions due to rapidly changing social information. Given these unusual circumstances and the uncertainty of how long these conditions are likely to continue, Appellant and her counsel believe this unopposed extension is necessary, in order for Appellant's counsel to both adequately represent Appellant's interests and assist this Court in applying complex legal principles to novel facts.

7.  Appellant therefore respectfully requests this second, unopposed thirty (30) day extension of time to and including April 20, 2020, in which to file her Appellant's Brief. Appellant's requested extension is unopposed.

8.  Counsel for Appellant conferred Tuesday, March 17, 2020, by telephone with counsel for Appellee Tarrant County, as well as with counsel for Appellees, Baca-Bennett, Newell, Nevarez, Wells, Herrington, Mumford, and Kim. Both indicated Appellees do not oppose a second thirty (30) day extension.

9.  This extension is sought solely in the interests of justice, so that counsel for Appellant may best represent Appellant and adequately assist the Court in applying the proper legal standard in this fact-intensive case of first impression. This extension is not sought for the purpose of delay, and no party will be prejudiced if this unopposed first request for an extension is granted.

10. For the foregoing reasons, Appellant respectfully requests that the Court grant this second unopposed motion for an extension of time to file her Appellant's Brief, making her Appellant's Brief due on April 20, 2020.

Respectfully submitted,

Walter L. Taylor
State Bar No. 19727030
***Wtaylor@thehartlawfirm.com***
**HART LAW FIRM, PLLC**
6630 Colleyville Blvd, Suite 100
Colleyville, Texas 76034
Tel: (817) 329-7020
Fax: (682) 292-7406

**ATTORNEY FOR APPELLANT**

**CERTIFICATE OF CONFERENCE**

    I certify that on March 17, 2020, I conferred via telephone with Keith Ogle, counsel for Appellee Tarrant County, and Benjamin Walton, counsel for Appellees, Baca-Bennett, Newell, Nevarez, Wells, Herrington, Mumford, and Kim. Both counsel have indicated that Appellees do not oppose the requested extension.

/s/*Walter L. Taylor*

## CERTIFICATE OF SERVICE

    I hereby certify by my signature above that a true and correct copy of the foregoing document has this day been served via certified mail, return receipt requested, electronic service, facsimile or hand delivery, upon the following on this 18th day of March, 2020.

M. Keith Ogle
David K. Hudson
TARRANT COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE
*mkogle@tarrantcountytx.gov*
*dkhudson@tarrantcountytx.gov*

Benjamin S. Walton
ASSISTANT ATTORNEY GENERAL
*Benjamin.Walton@oag.texas.gov*
Natalie D. Thompson
ASSISTANT SOLICITOR GENERAL
*natalie.thompson@oag.texas.gov*