# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

May 11, 2020

Mr. Walter L. Taylor
Hart Law Firm, P.L.L.C.
6630 Colleyville Boulevard
Colleyville, TX 76034

    No. 19-11327   Diane Haddock v. Tarrant County, Texas, et al
                       USDC No. 4:18-CV-817

Dear Mr. Taylor,

We have determined that your brief is deficient (for the reasons cited below) and must be corrected within 14 days. We note that our Quality Control Program advised you of some of these deficiencies when you filed the document.

We have identified a potential problem with the **signature** required by 5ᵀᴴ Cɪʀ. R. 28.3 (k) to follow the Conclusion. The signature is either missing or does not match the name of the attorney as reflected in our records. 5ᵀᴴ Cɪʀ. R. 25.2.10 requires the signature of the filing attorney (the attorney whose log-in was used for the filing). That rule further requires the filing attorney's name be typed on the line where the attorney would normally sign, and be preceded by an "s/". An image of the signature is not allowed.

We have identified a potential problem with the **signature** required by Fᴇᴅ. R. Aᴘᴘ. P. 25(d)(1)(B) to follow the Certificate of Service. The signature is either missing or does not match the name of the attorney as reflected in our records. 5ᵀᴴ Cɪʀ. R. 25.2.10 requires the signature of the filing attorney (the attorney whose log-in was used for the filing). That rule further requires the filing attorney's name be typed on the line where the attorney would normally sign, and be preceded by an "s/". An image of the signature is not allowed.

The brief exceeds the word count limitation and/or the page limitations. See Fᴇᴅ. R. Aᴘᴘ. P. 32(a)(7). You must modify the brief or file a motion for leave to exceed the word count limitation and/or the page limitations. See Fᴇᴅ. R. Aᴘᴘ. P. 27, 5ᵀᴴ Cɪʀ. R. 27.4 and 5ᵀᴴ Cɪʀ. R. 32.4 for motion requirements.

We have identified a potential problem with the **signature** required by 5ᵀᴴ Cɪʀ. R. 32.3 and Form 6 to follow the Certificate of

Compliance. The signature is either missing or does not match the name of the attorney as reflected in our records. 5TH CIR. R. 25.2.10 requires the signature of the filing attorney (the attorney whose log-in was used for the filing). That rule further requires the filing attorney's name be typed on the line where the attorney would normally sign, and be preceded by an "s/". An image of the signature is not allowed.

An attorney who signs the brief must enter an appearance in the case. The attorney must electronically file a "Form for Appearance of Counsel." See FED. R. APP. P. 12(b), 5TH CIR. R. 12 and 5TH CIR. R. 46.3. The appearance form is available on our website at: "http://www.ca5.uscourts.gov/docs/default-source/forms/formforappearanceofcounsel.pdf".

Record References: Although this brief contains record citations, it refers to pages that do not exist, have incorrect page references, do not follow the required format, or are outside the range of pages in the Official EROA. Every assertion in briefs regarding matters in the record must be supported by a reference to the page number of the original record, whether in paper or electronic form, where the matter is found, using the record citation form as directed by the Clerk of Court. For example, in single record appeals, ROA.123 and for multi record appeals the case number followed by the page number ROA.18-20668.123. The use of "id" is not permitted when citing to the record on appeal. See FED. R. APP. P. 28(a)(8)(A) and 5TH CIR. R. 28.2.2. See Form 1 http://www.ca5.uscourts.gov/docs/default-source/forms/fifth-circuit-court-of-appeals-form-1.pdf?sfvrsn=4 .

The caption on the brief does not match the Court's Official Caption as required by FED. R. APP. P. 32(a)(2)(C). See the Official Caption, below:

---

Case No. 19-11327


DIANE SCOTT HADDOCK,

    Plaintiff - Appellant

v.

TARRANT COUNTY, TEXAS; PATRICIA BACA-BENNETT; KENNETH EARL NEWELL; JESUS NEVAREZ, JR.; HONORABLE JUDITH WELLS; JEROME S. HENNIGAN; JAMES B. MUNFORD; ALEX KIM,

    Defendants - Appellees


The program has found one or multiple sections of the brief is out of order. See 5TH CIR. R. 28.3.

The order of contents should be as follows:

```
a.   Certificate of interested persons
b.   Statement regarding oral argument
c.   Table of contents, with page references
d.   Table of authorities
e.   Jurisdictional statement
f.   Statement of issues presented for review
g.   Concise statement of the case setting out the facts
h.   Summary of the argument
i.   The argument
j.   Short conclusion stating the precise relief sought
k.   Signature of counsel or a party
l.   Certificate of service in the form
m.   Certificate of compliance (if required)
```

Note:  Once you have prepared your sufficient brief, you must electronically file your 'Proposed Sufficient Brief' by selecting from the Briefs category the event, Proposed Sufficient Brief, via the electronic filing system.  Please do not send paper copies of the brief until requested to do so by the clerk's office.  The brief is not sufficient until final review by the clerk's office. If the brief is in compliance, paper copies will be requested and you will receive a notice of docket activity advising you that the sufficient brief filing has been accepted and no further corrections are necessary.  The certificate of service/proof of service on your proposed sufficient brief **MUST** be dated on the actual date that service is being made.  Also, if your brief is sealed, this event automatically seals/restricts any attached documents, therefore you may still use this event to submit a sufficient brief.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Melissa B. Courseault, Deputy Clerk
504-310-7701

cc:
    Mr. Melvin Keith Ogle
    Mrs. Natalie Deyo Thompson
    Mr. Benjamin Walton