

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

NATALIE D. THOMPSON
Assistant Solicitor General

(512) 936-1820
Natalie.Thompson@oag.texas.gov

September 9, 2020

**Via CM/ECF**

Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit

Re:   No. 19-11327, *Diane Scott Haddock v. Tarrant County, Texas; Patricia Baca-Bennett; Kenneth Earl Newell; Jesus Nevarez, Jr.; Honorable Judith Wells; Jerome S. Hennigan; James B. Munford; Alex Kim*

Dear Mr. Cayce:

Pursuant to Federal Rule of Appellate Procedure 28(j), the District Judges write regarding this Court's recent decision affirming dismissal of a First Amendment retaliation claim pursuant to the *Elrod/Branti* exception. In *Garza v. Escobar*, No. 19-40664 (5th Cir. Aug. 28, 2020), a Texas district attorney fired the district's crime victims unit coordinator because of the coordinator's political activities and her sister's campaign for judge. *Garza* supports affirmance here.

*First*, *Garza* sets out the analytical framework. It holds that the *Pickering* balancing test can be conducted at the pleading stage. Slip Op. 6–8; *contra* Reply Br. 7. It explains that the *Elrod/Branti* exception is an integral part of that test. Slip Op. 9–10; *see* Red Brief 28–29. It then applies that test to free association and free speech claims alike—indeed, to claims based on political speech. Slip Op. 9, 18; *contra* Blue Br. 25–28, 35–36, 42–49; *see also Garza v. Escobar*, 386 F. Supp. 3d 794, 801 (S.D. Tex. 2019) (explaining plaintiff alleged both "political association and freedom of speech" violations).

*Second*, *Garza* illustrates why the exception applies to Haddock. The *Elrod/Branti* exception does not depend on whether the employee sets policy *per se*, but on whether political affiliation or loyalty is a proper requirement for her position. Slip Op. 9–13 (citing, *inter alia*, *Maldonado v. Rodriguez*, 932 F.3d 388, 392–94 (5th Cir. 2019)); *contra* Blue Br. 52–54. Where a rift between employee and elected

Page 2

official *could* disrupt operations, the employer need not wait until disruption materializes. Slip Op. 16 (citing *Connick v. Myers*, 461 U.S. 138, 152 (1983)); *accord* Red Br. 29–30; *contra* Blue Br. 45–46. Moreover, the exception applies to an employee who exercises discretion in performing broad responsibilities, Slip Op. 13–14, or has authority to act on behalf of the elected official she serves, Slip Op. 14–15, 17. Those descriptions apply to Haddock. *See* Red Br. 17–19, 23–24. An associate judge's position is one for which political affiliation is appropriate.

Respectfully submitted.

/s/ Natalie D. Thompson
Natalie D. Thompson
Assistant Solicitor General

cc: Walter L. Taylor, counsel for Plaintiff-Appellant; M. Keith Ogle, counsel for Defendant-Appellee Tarrant County (via CM/ECF)

Page 3

## CERTIFICATE OF SERVICE

On September 9, 2020, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Natalie D. Thompson
NATALIE D. THOMPSON

## CERTIFICATE OF COMPLIANCE

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because it contains 341 words, excluding the parts exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Natalie D. Thompson
NATALIE D. THOMPSON