# HART LAW FIRM, PLLC

**ATTORNEYS**

**David G. Hart, JD, LLM\*^±**
**Walter L. Taylor, JD†**
**Daniel D. Hart, JD**

\**Board Certified – Personal Injury Trial Law, Texas Board of Legal Specialization*
†*Board Certified - Labor and Employment Law, Texas Board of Legal Specialization*
^*Board Certified – Civil Trial Advocacy, National Board of Legal Specialty Certification*
±*Board Certified – Civil Pretrial Practice Advocacy, National Board of Legal Specialty Certification*

6630 Colleyville Blvd.
Colleyville, Texas  76034

Phone:  (817) 329-7020
Fax:  (682) 292-7406
Toll Free:  (800) 856-2347

www.TheHartLawFirm.com

October 2, 2020

*Via CM/ECF:*
Mr. Lyle W. Cayce, Clerk
United States Court of Appeals
Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

  Re: No. 19-11327; *Diane Haddock v. Tarrant County, Texas, et al*
     USDC No. 4:18-CV-817

Dear Mr. Cayce:

  This letter responds to the Appellee District Judges' letter of September 9, 2020,[1] in which the District Judges assert the applicability of this Court's recent decision in *Garza v. Escobar*, 2020 WL 5083425 (5th Cir., Aug. 28, 2020). For reasons shown below, *Garza* is entirely distinguishable on its facts and does not affect the analysis of this case.

  While Appellant's Complaint below (ROA.639-688) asserted multiple First Amendment claims, the District Judges' letter primarily addresses her political patronage dismissal allegations and the application of the *Elrod/Branti* test to that specific claim. In a §1983 case involving a patronage dismissal, the government-employer bears the burden of demonstrating political affiliation is an appropriate requirement for the job in question. *Elrod v. Burns*, 427 U.S. 347, 368 (1976);

---

[1] Document 00515558475.

Mr. Lyle M. Cayce, Clerk
October 2, 2020
Page 2

*Branti v. Finkel*, 445 U.S. 507, 517 (1980). *See, generally*, Appellant's Brief, pp. 47-54. As a threshold matter, Appellant's Brief already demonstrates why a political patronage requirement barring Tarrant County associate judges' spouses from participating in political activity would conflict with the Texas public policy already expressed in the Texas Code of Judicial Conduct. *See, generally,* Appellant's Brief, pp. 27-28, 50-51. (Neither set of Appellees appears to have addressed this argument).

Further, as this Court noted in *Garza*, and as all parties herein have briefed, a Rule 12(b)(6) motion must be decided taking only the Plaintiff's well pled allegations as true. *Garza*, 2020 WL 5083425, *1; Appellant's Brief, pp. 10-11; Appellee District Judges' Brief, p. 12; and Appellee Tarrant County's Brief, pp. 23-24. Unfortunately, the District Judges' September 9, 2020, letter omits several key facts from Ms. Garza's Complaint, which distinguish it from this case:

- As CVU Coordinator, Garza led the department, supervising five employees, onboarding interns, and managing the office's grant process;

- While serving as CVU Coordinator, Garza worked on Escobar's (the district attorney's) 2016 reelection campaign;

- [*Garza herself* claimed that] communication broke down between herself and Escobar, and that when Escobar began shifting her work to other employees, *Garza defied his wishes* and continued to prepare witnesses for trial;

- [*Garza herself* claimed that] she was "placed in a position of confidence between Escobar and the other persons working for his campaign;" and

- [*Garza herself* claimed that] "[f]ollowing his reelection, Escobar continued to involve Garza in his political plans, discussing with her which candidates to support for local offices."

*Garza*, *1, 8. Thus, Ms. Garza's pled allegations established both that political patronage, policymaking, and confidential communications existed and were

Mr. Lyle M. Cayce, Clerk
October 2, 2020
Page 3

appropriate for her position, and that her own activities had actually impeded the work of her employer, the district attorney's office. *Garza*, *8. Not only were the district court and this Court *not* required to *ignore* these facts pled by *Garza*, they were *required to accept them as true*. *Garza*, *3 (citing *Hale v. Metrex Research Corp.*, 963 F.3d 424 (5th Cir. 2020).

In contrast, Appellant was one of seven (7) associate judges serving seven (7) district judges – a combination of forty-nine (49) separate and independent working relationships. Appellant's Brief, p. 2; ROA.671-74. As an associate judge, Appellant had no employees, no budget, no authority over when others worked or did not work, or how any other person's time off was characterized. ROA.668. She had no authority to hire or fire anyone, nor to determine the conditions of their employment. ROA.668. Nor was the seven-serving-seven associate judge/district judge configuration an employment structure in which confidential relationships arose. ROA. 667-670.

For all of these reasons, this Court's recent decision in *Garza* is inapplicable to this case, the *Elrod/Branti* exception does not apply, and this case should not have been dismissed on 12(b)(6). As argued more fully throughout Appellant's Brief and Reply Brief, the district court erred by failing to take Appellant's well-pled allegations as true. For a more thorough discussion of the reasons an associate judge's rule of applying law to fact does not constitute "policymaking" as a matter of law, Appellant refers the Court to Appellant's Brief, pp. 51-54, and *Adams v. Governor of Delaware,* 922 F.3d 166, 181 (3rd Cir.) (*cert. granted* 140 S.Ct. 602 (2019)).

If you have any questions or should the Court require any additional information, please do not hesitate to let me know. Thank you for your attention to these matters.

                        Sincerely yours,

                        /s/ Walter L. Taylor
                        WALTER L. TAYLOR
                        ATTORNEY FOR PLAINTIFF

WLT/vlc

Mr. Lyle M. Cayce, Clerk
October 2, 2020
Page 4

*Via CM/ECF*
cc:  Mr. Melvin Keith Ogle
District Attorney's Office for the County of Tarrant
401 W. Belknap Street
9th Floor
Fort Worth, Texas 76102

*Via CM/ECF*
Ms. Natalie Deyo Thompson
Office of the Attorney General
Office of the Solicitor General
P. O. Box 12548 (MC 059)
Austin, Texas 78711-2548

### CERTIFICATE OF SERVICE

On October 2, 2020, this letter brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; and (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1.

/s/ Walter L. Taylor
WALTER L. TAYLOR

### CERTIFICATE OF COMPLIANCE

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because it contains 700 words, excluding the parts exempted by Rule 32(F); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Times new Roman) using Microsoft Word (the same program used to calculate the word court).

/s/ Walter L. Taylor
WALTER L. TAYLOR